(37 Misc. Rep. 414.)

### CONWAY v. CONWAY.

(Supreme Court, Trial Term, New York County.   March, 1902.)

DIVORCE—ADULTERY—EVIDENCE.
> In an action for divorce for adultery, where the evidence is entirely dependent on inferences from facts which are consistent with innocence, as well as with guilt, the decree will be denied.

Action by Walter M. Conway against Belle M. Conway. Complaint dismissed.

Daniel J. Early (Franklin Pierce, of counsel), for plaintiff.
Charles G. Cronin and Thomas O'Callaghan, Jr., for defendant.

BLANCHARD, J.   This is an action for divorce, brought by the husband against the wife. The impression which I entertained at the close of the trial, and of which I at that time advised counsel,—that the plaintiff had failed to establish his case,—has not been changed

upon the consideration of the carefully prepared brief of plaintiff's counsel and the stenographer's minutes of the trial. The plaintiff's right to relief rests upon the defendant's acts on two occasions,—the 6th and 11th of July, 1899. As to the acts on the 6th of July, the proof is a hotel register; the handwriting of an entry therein which it is stated by an expert in writing is that of the co-respondent; the testimony of plaintiff's brother that he saw the defendant emerge from the hotel alone at about 10:30 o'clock on that night; and the so-called confession of the defendant contained in a letter written by the defendant to plaintiff's former attorney herein, in reply to one from him to her, the particulars of which I will discuss hereafter.

Assuming that the proof is satisfactory that the entry in the hotel register was that of the co-respondent, there is not the slightest proof in the case as to the identity of the woman who was with him; nor, indeed, that there was any woman with him; nor is there any proof that the co-respondent occupied a room, except such as may be inferred from the fact of the fictitious name in the hotel register, opposite which is a number indicating a room assigned. The proof likewise fails to disclose what kind of a room this was. The most that can be said to be established by this evidence is that an entry was made, "George Sands and wife," by the co-respondent. Beyond that, all is inference and conjecture.

The next piece of evidence is that of the plaintiff's brother that he saw the defendant leave the hotel. This does not establish any improper conduct on her part. She is not shown to have occupied a room at the hotel with the co-respondent or any other man. There is no explanation of how the plaintiff's brother came to be present on the night of July 6th, and the defendant denies that she was at the hotel on that night.

I next take up the so-called confession of defendant, which is comprised in the following letter from plaintiff's former attorney, and defendant's reply thereto. The letter to defendant is as follows:

"October 4, 1899.

"Mrs. Belle M. Conway, Ellenville, N. Y.—Dear Madame: Your favor of the 1st instant has just reached me, as I have been away for several days. The information I want, and asked you for in my last letter, was the name under which you registered at the hotel.

"Respectfully,          W. F. Clare."

The answer of the defendant thereto is as follows:

"Ellenville, October 5, '99.

"Mr. W. F. Clare—Dear Sir: It is impossible for me to say, as I do not know what name was given at hotel. You know you asked me when I last seen you, and I told you I did not know. I cannot tell you what I don't know. Many thanks for the inclosed.

"Most respectfully,          Mrs. Conway."

Mr. Clare testified that the conversation with defendant at his office had reference to the 6th of July, and that that was the date he had reference to in the letter he wrote to defendant; but the defendant denied that the reference was to the 6th, and alleged that the date she referred to was the 11th of July. The proof is not strong enough to satisfy me that plaintiff has made out his case in reference to the acts complained of as occurring on the 6th of July, 1899.

As to the incident of the 11th of July, plaintiff's proof is that the defendant and co-respondent came to the same hotel they are said to have visited on the 6th of July, and proceeded to a small room used for drinking purposes, adjoining a large room used for the same purpose. This room was furnished with a table and some chairs, and had two doors; one opening on the hall, and the other on the large room referred to. Plaintiff's evidence is to the effect that drinks were on the table at which the defendant and co-respondent were seated, but that their position was not what it should have been. The doors were unlocked, and plaintiff's witnesses simply turned the knob of the door and walked in unannounced. The defendant admits she was in the room, but states she chanced upon the co-respondent in a Broadway car, and, being obliged to transfer in front of the hotel, stopped to get a drink at the invitation of the co-respondent; it being a warm summer day. She testifies that she had previously been to this hotel to get a drink, accompanied by her husband, and this is not denied. The defendant denies any impropriety at any time with the co-respondent or with any other person.

I have simply reviewed the salient facts of the case, and these facts do not seem to justify the finding of defendant's guilt. The burden of proof which rested on the plaintiff to establish his case by a preponderance of credible evidence has not been sustained. The defendant may have acted in a way she should not have done, and her conduct may have been such as justly to have given rise to suspicion, but the evidence is insufficient to establish her guilt. As Judge Folger says in Pollock v. Pollock, 71 N. Y. 137, 142:

"The court is not warranted in a conclusion of criminality, when all that is proved is susceptible of a construction of innocence. Hamerton v. Hamerton, 2 Hagg. Ecc. 8. Still less can it make inferences without actual facts to support them. Williams v. Williams, 1 Hagg. Consist. 299."

The court pointed out that it dwelt upon these general principles for the reason that the evidence relied on to prove the charge there under consideration was entirely circumstantial, and, as stated, it "can be potent * * * only by the aid of inferences from the facts it establishes, not in themselves necessarily criminatory." The special term held the charges to have been sustained by the evidence. Judge Folger says, in concluding his reversing opinion (page 153):

"There is no evidence to sustain the finding of that fact by the special term. All the evidence is, to say the least, capable of two interpretations. It is seen that the only direct proof is of opportunity, that there is no direct proof of the fact of adultery, and that it is found to have been committed only upon inferences from the fact of opportunity, and from some circumstances attending. The circumstances which are the most urgent are, upon the authorities cited, insufficient to warrant an inference of a guilty act, and without the aid of inference there is no proof."

The application of the language quoted to the present case is quite evident. The evidence of adultery in this case is entirely dependent upon inference from facts which, in their most favorable light from plaintiff's point of view, are equally as consistent with innocence as guilt. The complaint must be dismissed.

Complaint dismissed.